OPINION
Appellant Stark County Department of Job Family Services, fka the Stark County Department of Human Services appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which found Fred Mangus to be a dependent child. The Department assigns three errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR 1 THE TRIAL COURT ERRED AS A MATTER OF LAW IN RE-ADOPTING AND RE-PUBLISHING ITS JUDGMENT ENTRY OF MARCH 15, 1999, AND IN MAKING ITS FINDING THAT THE CHILD, FRED MANGUS, WAS A DEPENDENT CHILD, AS SUCH A FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR 2 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ADOPTING THE GUARDIAN AD LITEM'S TESTIMONY ON DIRECT EXAMINATION AS THE COURT'S STATEMENT OF ITS IN-CAMERA INTERVIEW WITH THE CHILD FRED MANGUS WITHOUT ALLOWING THE STARK COUNTY DEPARTMENT OF JOB 
FAMILY SERVICES TO CROSS-EXAMINE THE GUARDIAN AD LITEM.
 ASSIGNMENT OF ERROR 3 THE COURT ABUSED ITS DISCRETION IN EXCLUDING THE VIDEOCASSETTE RECORDING OF INITIAL INTERVIEWS WITH THE CHILDREN WITNESSES AS REBUTTAL EVIDENCE.
The record indicates the Department filed a complaint on Fred Mangus, date of birth 9-4-87, on October 2, 1998, alleging that he was a neglected and abused child. The trial court held the initial adjudicatory trial, and dismissed the allegations of neglect and abuse and entered a finding the child was a dependent child.
In In Re: Fred Mangus, a minor child (March 6, 2000), Stark Appellate No. 1999CA00100, unreported, this court reversed the trial court's finding and determined the trial court's finding that Fred was not a neglected and/or abused child was against the manifest weight of the evidence, opinion at 24. This court remanded the matter for further proceedings consistent with law and this opinion.
In the first appeal, appellee did not file a cross-assignment of error. Neither party moved this court for reconsideration or to clarify the opinion, and neither took an appeal of our decision to the Ohio Supreme Court.
The trial court called this case again on May 23, 2000. The trial court reviewed our opinion and inquired of the parties what the purpose of the hearing would be. The trial court noted the court of appeals had set aside the trial court's finding on adjudication, and the court observed unless specifically directed otherwise, the trial court then goes back to the place where the error occurred and resumes proceedings from that point.
The court discussed with the parties the fact that it had dismissed the allegations of neglect and abuse prior to the appellee's presentation of their case. The parties all agreed the appellees should be accorded the opportunity to present their evidence.
Thereupon, the court proceeded to take new evidence on the issue of dependency and neglect. At the close of the hearing, the trial court again found Fred Mangus was not neglect or abused, and the court found him to be a dependent child. This appeal ensured.
 I
The Department asks us to again find the trial court's judgment is against the manifest weight of the evidence.
Our judgment of March 6, 2000, was a final, appealable order determining, in effect, that Fred Mangus was a neglected and/or abused child. The appellees had not filed a cross assignment of error, asserting that if this court reversed and remanded the trial court's opinion, appellee should be permitted to present evidence. Appellee's failure to do so was not necessarily fatal to their case. Instead, appellees could have moved this court for reconsideration or for clarification, and urged this court's opinion went too far given the procedural status of this case. Appellees did not do so. Finally, appellees had the option of appealing our judgment to the Ohio Supreme Court. No appeal was taken.
Because our judgment was unchallenged, it is now the law of the case, and the parties cannot agree to ignore our previous opinion even if they believe that is the most equitable thing to do.
We find the trial court erred in taking new evidence. Instead, the trial court should have, upon remand, proceeded to the dispositional hearing.
The first assignment of error is sustained.
 II and III
Because we find the trial court erred as a matter of law in taking more evidence on remand, the second and third assignments of error are overruled as moot.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to be split between appellant and appellee.
Gwin, J., and Wise, J., concur. Edwards, P.J., concurs separately